UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MOCHE L. GREER,

        Plaintiff,

        v.                                          Case No. 24-cv-976-bhl

CO BITTNER,
EMILY PROPSON, and
RANDALL HEPP,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Moche L. Greer, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Greer's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Greer has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Greer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $2.55. Greer's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Greer, on March 11, 2023, he was washing up with his privacy curtain drawn when the count buzzer sounded. Defendant correctional officer Bittner instructed Greer to remove his curtain, and Greer responded several times that he was washing up. Bittner allegedly responded, "If you're washing up, then I want to see your dick," and pulled aside Greer's curtain. Greer submitted a Prison Rape Elimination Act (PREA) complaint and an inmate complaint about the incident. Defendant Warden Randall Hepp allegedly spoke to Greer two days later, on March 13, 2023. Hepp allegedly informed Greer that an investigation was occurring because other inmates had made similar complaints against Bittner. Greer allegedly informed Hepp that he did not feel comfortable around Bittner and asked whether Bittner would be allowed around Greer during the investigation. Hepp allegedly did not take any steps to keep Bittner away from Greer.

About two months later, on May 21, 2023, Greer spoke to Defendant Deputy Warden Emily Propson, who explained to him that his PREA complaint was being closed because it involved an isolated incident and therefore was not considered harassment. Later that day, Bittner allegedly walked past Greer's cell and repeatedly said, "dick, dick, dick." Greer asserts that he reported the incident the next day and informed Propson who told Greer that his second complaint would be attached to his first complaint. Greer asked that Bittner not work on his tier during the investigation, but Propson did not address Greer's request. A little more than two months later, Bittner allegedly walked past Greer's cell while he was washing up and said, "Let me see it again," and pulled aside Greer's curtain. Greer states that he filed another PREA report the following day.

Greer explains that he has since been contacted by a PREA investigator, but he has not been informed of the outcome of the investigation, despite asking multiple times.

### THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). The Seventh Circuit has explained that "[s]imple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment . . . . But some does." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (citations omitted). Here, Greer alleges that on three different occasions, Bittner made sexually suggestive comments to him and that on two of those occasions, Bittner moved aside Greer's privacy curtain to look at him while he was naked. Greer explains that, as a result of Bittner's actions, he has experienced emotional pain and distress, for which he has consulted with both psychological services and the chaplain. Greer's allegations are sufficient for him to proceed on an Eighth Amendment claim against Bittner.

Greer may also proceed on Eighth Amendment claims against Hepp and Propson based on allegations that they allegedly made no efforts following the first and second incidents to protect Greer from additional harassment. Although the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate, a supervisor may be liable for his/her own inaction if he/she knows about the conduct and turns a blind eye to it, thus creating or increasing additional risk of harm to an inmate. *See, e.g., Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). According to Greer, neither Hepp nor Propson made any efforts to stop further harassment by Bittner despite Greer asking them to do so. These allegations are sufficient to state a claim.

**IT IS THEREFORE ORDERED** that Greer's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Greer's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Bittner, Emily Propson, and Randall Hepp.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Bittner, Emily Propson, and Randall Hepp shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Greer is located.

**IT IS FURTHER ORDERED** that the agency having custody of Greer shall collect from his institution trust account the $347.45 balance of the filing fee by collecting monthly payments from Greer's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Greer is transferred to another institution, the transferring institution shall forward a copy of this Order along with Greer's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Greer is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge